UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURLIN PENNICK III,

    Plaintiff,

v.

TODD COLEMAN and BARRY DeHAVEN,

    Defendants.

CASE NO. 3:17-cv-06001-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JUNE 8, 2018

    This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Currently before the Court are plaintiff's motion for partial summary judgment (Dkt. 16) and defendants' motion for summary judgment (Dkt. 21).[1]

    Plaintiff Curlin Pennick III alleges that he was deprived of adequate clothing in violation of the Eighth Amendment protection against cruel and unusual punishment, and that his right to petition the government was violated when he was infracted after filing a grievance against

---

[1] The Court notes that plaintiff has also filed a motion for extension of time to respond to defendants' reply. Dkt. 32. Though plaintiff has no right to respond to defendants' reply under the local rules, the motion is not ready for consideration until June 1, 2018. The Court will enter a separate order making a determination on this motion.

REPORT AND RECOMMENDATION - 1

defendant Coleman. However, plaintiff has not demonstrated that defendant Coleman's filing of an infraction was motivated by plaintiff's grievance; that his freedom of speech was chilled by either defendants' actions, or that defendant Coleman's actions lacked a legitimate government interest. He also cannot show that defendant Coleman acted with deliberate indifference when he followed prison policy in procuring plaintiff additional clothes. Therefore, the Court recommends plaintiff's motion for partial summary judgment (Dkt. 16) be denied and defendants' cross-motion for summary judgment (Dkt. 21) be granted.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed his complaint in December of 2017. Dkt. 1. He alleges that, when he was released from administrative segregation on July 12, 2017, he had inadequate clothing. Dkt. 7 at 6. He states that he informed a corrections officer, who in turn informed defendant Coleman of the situation on July 14, 2017. *Id*. Defendant Coleman received information that plaintiff had received no clothing, and began an investigation, eventually learning that plaintiff was missing "3 pairs socks, 2 pants, 1 long sleeve shirt[,] 1 short sleeve shirt, 2 T-shirts, 2 boxers, [and] 2 towels." Dkt. 22-1 at 2. Because plaintiff had some, but not all, of his allotted clothing, defendant Coleman instructed that plaintiff should follow the standard "lost laundry process" to recover his clothing. *Id*.

Two days later, [July 16, 2017?], plaintiff filed an emergency grievance against defendant Coleman, alleging that he had acted with deliberate indifference because plaintiff "was released from seg[regation] with no clean clothes, one pair of pants, and one khaki shirt." Dkt. 25-1 at 3. In responding to his grievance, Department of Corrections ("DOC") staff stated that, because plaintiff had some, but not all, of his state issued clothing, he must submit a State Issue Clothing Exchange form in order to get his lost clothing. *Id*. at 2. He appealed this response, but

1 both levels of appeal found the initial response adequate and found no wrongdoing in defendant
2 Coleman's actions. *Id*. at 4, 6.

3 Plaintiff states that, after being returned to general population, he was unable to avail
4 himself of the laundry facilities because he lacked a laundry bag. Dkt. 7 at 6. When he eventually
5 found a laundry bag and used it to submit his dirty clothes for cleaning, it was never returned
6 from the laundry and he thus lost additional clothes. Dkt. 7 at 6. He also states that a non-party
7 corrections officer filled out two lost-clothing forms for him, one for the clothing he lacked upon
8 leaving segregation, and one for the clothing he lost in the laundry, and that both were faxed to
9 defendant Coleman. *Id*. at 7.

10 It is undisputed that, on August 15, 2017, plaintiff met with defendant DeHaven to
11 resolve his grievance. Dkt. 7 at 7; Dkt. 24 at 2. They agreed that, if plaintiff was provided with
12 his missing clothes, his grievance would be resolved and he would withdraw it. *Id*. Plaintiff filled
13 out a lost-clothing form and defendant DeHaven then instructed non-party Persell to conduct a
14 search of plaintiff's cell to discover which clothes he was missing. Dkt. 22-1 at 13. After the
15 search, defendant DeHaven instructed defendant Coleman to provide plaintiff with the missing
16 clothes. *Id*. However, though plaintiff alleges that defendant Coleman was instructed to replace
17 *all* missing clothing, including the clothing lost in the laundry (Dkt. 7 at 7-8), defendants
18 DeHaven and Coleman state they determined to replace only the clothing at issue in plaintiff's
19 grievance, namely the clothing he was missing upon release from segregation (Dkt. 22 at 4; Dkt.
20 24 at 2).

21 On that same day, defendant Coleman met with plaintiff in the presence of non-party
22 Spivey. Dkt. 7 at 8; Dkt. 22 at 4; Dkt. 23 at 2. However, the content of that conversation is
23 disputed. Defendant Coleman states he informed plaintiff that he would only be receiving the
24

1  clothing he was missing upon release from segregation and that he would need to submit an
2  additional lost-clothing form for the clothing he claims he lost in the laundry. Dkt. 22 at 4.
3  According to defendant Coleman, he also warned plaintiff that he would infract him for lying to
4  staff because plaintiff had told staff he was missing clothing that he had in his possession. *Id*. at
5  5. Defendant Coleman entered the infraction the next day. *Id*.

6  In contrast, plaintiff alleges that defendant Coleman threatened him, stating "that if he did
7  not drop his grievance, he would receive a disciplinary infraction for 'lying to staff' on July 14,
8  2017." Dkt. 7 at 8. He alleges that defendant Coleman followed through on that threat the next
9  day when he entered the infraction. *Id*. Plaintiff subsequently filed an employee conduct
10 grievance against defendant Coleman, but did not receive the relief he requested. Dkt. 25-1 at 9-
11 12.

12 Plaintiff filed this action in December of 2017. Dkt. 1. After defendants filed an answer
13 (Dkt. 14), plaintiff filed a motion for partial summary judgment (Dkt. 16). Defendants filed a
14 response and cross-motion for summary judgment. Dkt. 21. Both parties assert that there are no
15 disputes of material fact and that summary judgment is the appropriate remedy at this stage.

16 **STANDARD OF REVIEW**

17 The purpose of summary judgment is to avoid unnecessary trials when there is no dispute
18 over the material facts before the court and the moving party is entitled to judgment as a matter
19 of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*
20 *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled
21 to summary judgment if the evidence produced by the parties permits only one conclusion.
22 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment
23 is appropriate, the court must consider whether particular facts are material and whether there is
24

1  a genuine dispute as to the material facts left to be resolved.  Fed. R. Civ. P. 56(c). The
2  materiality of a given fact is determined by the required elements of the substantive law under
3  which the claims are brought. *Anderson*, 477 U.S. at 248.  Factual disputes that do not affect the
4  outcome of the suit under the governing law will not be considered. *Id.* Where there is a
5  complete failure of proof concerning an essential element of the non-moving party's case on
6  which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and
7  the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.
8  317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented
9  through the prism of the substantive evidentiary burden"). However, when presented with a
10 motion for summary judgment, the court shall review the pleadings and evidence in the light
11 most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro
12 se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.
13 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

14       Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing
15 the motion must do more than simply show that there is some metaphysical doubt as to the
16 material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The
17 opposing party cannot rest solely on his pleadings but must produce significant, probative
18 evidence in the form of affidavits, and/or admissible discovery material that would allow a
19 reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In other words, the
20 purpose of summary judgment "is not to replace conclusory allegations of the complaint or
21 answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497
22 U.S. 871, 888 (1990). However, weighing of evidence and drawing legitimate inferences from

facts are jury functions, and not the function of the court. *See United Steel Workers of America v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

## DISCUSSION

### I. Personal Participation of Defendant DeHaven

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has alleged that defendant DeHaven directed defendant Coleman to provide his clothes. However, that is the extent of his allegations against defendant DeHaven. He has not explicitly alleged defendant DeHaven violated his constitutional rights, nor do the actions he alleges amount to constitutional violations. Read in the light most favorable to the plaintiff, defendant DeHaven interviewed plaintiff, ordered a search to determine what clothes he was missing, and ordered defendant Coleman to provide those clothes. None of those actions can be construed as either retaliation or deliberate indifference to plaintiff's conditions of confinement. Furthermore, insofar as he is defendant Coleman's supervisor, plaintiff cannot recover under § 1983 for supervisory liability alone. Plaintiff has failed to plead personal participation against

defendant DeHaven. Therefore, the Court recommends that defendant DeHaven be dismissed as a defendant in this case.

The remaining analysis applies to claims made against defendant Coleman, who is the only other defendant in this matter.

## II. First Amendment Retaliation

### a. Legal Standard

Plaintiff alleges that defendant Coleman retaliated against him. To prevail on a retaliation claim under § 1983, a plaintiff must first allege that the retaliated-against conduct is protected. *Id.* Prisoners have a protected First Amendment right to petition the government through prison grievance procedures and to be free from retaliation for doing so. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Second, plaintiff must claim that a defendant took an adverse action against plaintiff, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but the adverse action need not be an independent constitutional violation, *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 567.

Fourth, the plaintiff must allege that the defendant's actions chilled the plaintiff's exercise of his First Amendment rights. *Brodheim*, 584 F.3d at 1269. Allegations of harm are sufficient to ground a retaliation claim without discussing whether the harm had a chilling effect. *See Pratt,* 65 F.3d at 807-08; *Watison,* 668 F.3d at 1114; *see also Rhodes,* 408 F.3d at 567-68 n. 11 ("[H]arm that is more than minimal will almost always have a chilling effect"). In addition, plaintiff need not show that his actions were actually chilled, but only that the alleged adverse action "would chill *or* silence a person of ordinary firmness from future First Amendment

1 activities." *Rhodes*, 408 F.3d 559, 568-69 (9th Cir. 2005) (quoting *Mendocino Enviro. Center v.*

2 *Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)) (emphasis in original).

3 Finally, plaintiff must allege that "the action did not reasonably advance a legitimate

4 correctional goal." *Brodheim*, 584 F.3d at 1269. "A plaintiff successfully pleads this element by

5 alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and

6 capricious, or that they were 'unnecessary to the maintenance of order in the institution.'"

7 *Watison*, 668 F.3d at 1114-15 (internal citation omitted) (quoting *Franklin v. Murphy,* 745 F.2d

8 1221, 1230 (9th Cir. 1984)). Further, a regulation or application of a regulation reasonably

9 advances a legitimate penological interest if there is a "'valid, rational connection' between the

10 prison regulation and the legitimate governmental interest put forward to justify it.'" *Shaw v.*

11 *Murphy*, 532 U.S. 223, 229 (2001) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

   *b. Analysis*

13 Plaintiff has stated that defendant Coleman "informed [plaintiff] that if he did not drop

14 his grievance, he would receive a disciplinary infraction for 'lying to staff' on July 14, 2017."

15 Dkt. 7 at 8.

16 The filing of a grievance is a protected action and the filing of an infraction can be an

17 adverse action in the retaliation context. It is appropriate for plaintiff to use the timing of events

18 as circumstantial evidence, and the Court notes that the infraction was filed the day after plaintiff

19 and defendant Coleman's conversation. Dkt. 7 at 8. But timing alone is generally not enough to

20 establish unlawful motivation. *Pratt,* 65 F.3d at 806. Further, self-serving testimony is not

21 enough to create a genuine issue at the summary judgment stage. *Villiarimo v. Aloha Island Air,*

22 *Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Viewing the facts in the light most favorable to

plaintiff, arguably, plaintiff has established that defendant Coleman's motivation behind filing the infraction may have been in retaliation for the grievance plaintiff filed.

But, plaintiff has not shown that the alleged action chilled his constitutional rights. Plaintiff states that "this action chilled [his] exercise of rights guaranteed by the Free Exercise Clause of the First, and Fourteenth Amendments . . . ." Dkt. 7 at 10. However, this conclusory allegation is all plaintiff provides. He has not provided evidence that his own rights were chilled, nor has he provided evidence that the alleged threat would chill the speech of a person of reasonable firmness. To the contrary, there is no evidence that the threat of infraction had any impact on plaintiff. He continued with his grievance. He objected to the infraction. There is no evidence that Coleman's alleged action affected the resolution of either.

Also, plaintiff has not demonstrated that defendant Coleman's action served no legitimate government interest. Defendants argue that infractions for lying to staff serve a legitimate government interest because they hold inmates accountable when lying about lost clothing, "particularly in light of the significant monthly cost" of replacing lost clothes. Dkt. 21 at 9. Defendants have stated that clothing loss at plaintiff's facility cost the DOC between $5,000 and $10,000 monthly. Dkt. 21 at 5. Defendants have submitted plaintiff's previous lost-clothing requests, indicating his latest request cost $93.83, and two previous requests cost $51.77 and $152.97 respectively. *See* Dkt. 22-1 at 13, 15-16. Infracting inmates for lying to staff about the clothes in their possession has a valid, rational connection to maintaining order in the prison setting and attempting to ensure the prison need not spend unnecessary funds on lost clothing that isn't truly lost. Thus, plaintiff has failed to show defendant Coleman's actions did not serve such an interest.

1 Plaintiff has failed to provide the elements necessary to convince a reasonable jury that
2 defendant Coleman retaliated against him. Therefore, the Court recommends granting
3 defendants' motion for summary judgment as to plaintiff's First Amendment claim.

### III. Eighth Amendment Deliberate Indifference

To state a claim for conditions of confinement in violation of the Eighth Amendment, a plaintiff must allege that a defendants' acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Here, plaintiff alleges defendant Coleman failed to provide adequate clothing, "thereby imposing unsanitary conditions." Dkt. 7 at 5. It is undisputed that defendant Coleman was aware plaintiff was missing state issued clothing when he was released from segregation. Dkt. 7 at 6; Dkt. 22 at 2. It is also undisputed that defendant Coleman acted with urgency when he was under the impression plaintiff had been released with *no* clothing, but upon learning plaintiff had some clothing, defendant Coleman followed policy and waited until he received a lost-clothing form before procuring new clothing for plaintiff. Dkt. 22 at 2. Further, it is undisputed that plaintiff eventually received the clothing he was missing when he was released from segregation. Dkt. 7 at 8-9. Plaintiff alleges the deprivation "inflicted pain," but provides no additional details. *Id*. at 9. Under these circumstances, defendant Coleman followed policy and waited to receive a lost-

1   clothing form before taking action. He initially treated plaintiff's predicament as an emergency
2   and, when he discovered it was not an emergency, still procured plaintiff additional clothes once
3   the paperwork was prepared. Because plaintiff did have some clothing and defendant Coleman
4   thus did not disregard an excessive risk to plaintiff's health when he waited to procure additional
5   clothing, plaintiff cannot show he acted with deliberate indifference. *See*, *e.g.*, *Nelson v. Cal.*
6   *Dep't of Corrections*, No. C 02-5476 SI(PR), 2004 WL 569529 at *5-*6 (N.D. Cal. 2004)
7   (finding that it was a "close call" when that court determined prisoners being provided with
8   nothing but boxer shorts and t-shirts was a violation of the Eighth Amendment).

9         Plaintiff also alleges that defendant Coleman received additional lost-clothing forms
10  before the form he received on August 15, 2018. Dkt. 7 at 7. However, plaintiff provides nothing
11  more than his own speculation to support this allegation, and defendant Coleman has stated that
12  he did not receive any such form. Dkt. 22 at 3. Further, though plaintiff has alleged his
13  deprivation of clothing "prevented him from outdoor exercise," he has not explained how. Dkt. 7
14  at 9. In addition, the record reflects that, upon exiting segregation, plaintiff had three pairs of
15  socks, one pair of pants, one short-sleeve shirt, four t-shirt, four pairs of boxers, and a towel. *See*
16  Dkt. 22 at 3. Though this is not plaintiff's full allotment of clothing, he has not shown how
17  defendant Coleman acted with deliberate indifference when he took additional time to procure
18  the replacement of some of plaintiff's missing clothes.

19        Plaintiff has failed to demonstrate that he was deprived of adequate clothing or that
20  defendant Coleman acted with deliberate indifference when he followed prison procedure to
21  procure additional clothing for plaintiff. Therefore, the Court recommends defendants' cross-
22  motion for summary judgment be granted and plaintiff's motion for partial summary judgment
23  be denied.

24

**IV.    Qualified Immunity**

Because the Court has recommended defendants' motion for summary judgment be granted on the merits, the Court declines to analyze whether either defendant enjoys qualified immunity.

**CONCLUSION**

For the reasons set forth above, the Court recommends that plaintiff's motion for partial summary judgment (Dkt. 16) be denied, that defendants' cross-motion for summary judgment (Dkt. 21) be granted, and that plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 8, 2018** as noted in the caption.

Dated this 18th day of May, 2018.

J. Richard Creatura
United States Magistrate Judge